**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Wickstrom,<br><br>    Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA, et al.,<br><br>    Defendants. | No. CV-22-00365-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Remand to State Court. (Doc. 8.) Defendant filed a Response opposing remand. (Doc. 14.) For the following reasons, the Motion will be granted, and this case remanded.

**I.    Background**

On June 12, 2016, Plaintiff purchased a residential property located at 2502 E. Allen Road, Tucson, Arizona (the "Property"). (Doc. 8 at ¶ 2.) Plaintiff purchased the Property knowing that two loans with Defendant Wells Fargo Bank NA ("Defendant" or "Wells Fargo") were secured by Deeds of Trust thereon. (*Id*.) Only the second Deed of Trust is at issue in this litigation. (*Id*.) Plaintiff alleges that on December 7, 2016, he paid off the second Deed of Trust via a payment to Defendant in the amount of $72,800.00. (*Id*.)[1]

---

[1] Plaintiff states thereafter that he made six payments, totaling $75,590.08, on the loan secured by the second Deed of Trust. (*Id*. at ¶ 3.) Regardless of how or when the payments were made, Defendant disputes that Plaintiff paid off the second Deed of Trust.

Defendant disputes that this payment was used to pay off the second Deed of Trust. (*Id.*)[2] The loan secured by the second Deed of Trust was to the individual from whom Plaintiff originally purchased the property, and Defendant has thus far refused to disclose records of the payments made on the loan due to confidentiality concerns. (*Id.* at ¶ 3.) Plaintiff, believing that the second Deed of Trust had been discharged by his payment of the loan balance to Defendant, attempted to sell the Property in February 2022. (*Id.* at ¶ 4.) Upon receiving the title report, he learned that the second Deed of Trust had not been released despite his payments and filed this action in Pima County Superior Court. (*Id.* at ¶¶ 4-6.)

On August 17, 2022, Wells Fargo removed this case from Pima County Superior Court. (Doc. 1.) In its Notice of Removal, Defendant alleges that this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332. (*Id.*) Specifically, Defendant asserts that (1) it is a citizen of South Dakota and Plaintiff is a citizen of Arizona and (2) the amount-in-controversy exceeds $75,000. (*Id.* at 2.) Defendant asserts that the amount-in-controversy exceeds $75,000 because Plaintiff seeks damages that include the loss of a sale of the real property. (*Id.*; *see also* Doc. 1-3 at 4). Defendant asserts that records indicate that Plaintiff purchased the subject property for $150,000 and that the current estimated value of the property is over $400,000, which would mean that any damages stemming from the loss of the sale of the property would exceed $200,000. (*Id.* at 2.) Defendant further asserts that the Property was contracted to sell in February 2022 for $325,000. (Doc. 14 at 2.)

In his Motion to Remand, Plaintiff contends that this matter should be remanded to state court because he is not seeking damages in excess of $75,000. (Doc. 8.) Plaintiff avers that his Complaint alleges a violation of A.R.S. § 33-712, which provides that a person who fails to record a release of a Deed of Trust within 30 days after having received a written request shall be liable to the property owner for $1,000.00, in addition to any "actual damage occasioned by the neglect or refusal." A.R.S. § 33-712(A), (B). Plaintiff defines "actual damages" as those that compensate for a loss or injury sustained due to the alleged

---

[2] According to Plaintiff, Defendant informed him that the balance as of March 4, 2022 was $53,277.48. (*Id.* at 4.)

- 2 -

action, and that "will put the injured party in the position in which he was before he was injured." (Doc. 8 at 4); *see U. S. Fid. & Guar. Co. v. Davis*, 3 Ariz. App. 259, 263, 413 P.2d 590, 594 (1966). Thus, Plaintiff avers that he is not seeking damages exceeding $75,000 but is simply seeking (1) $1,000.0, pursuant to A.R.S. § 33-712; (2) attorney's fees and court costs which are less than $50,000; and (3) release of the loan secured by the second Deed of Trust. (*Id*. at 4.) Plaintiff indicates that, even if Defendant is correct that the outstanding balance on the loan is $53,277.48, the amount-in-controversy is still less than $75,000. (*Id*.)

In response, Defendant largely reiterates its arguments made in its Notice of Removal. (Doc. 14.) Defendant argues that because the amount-in-controversy exceeds $75,000, this Court has diversity jurisdiction. (*Id*.) Defendant argues that Plaintiff's Complaint is seeking damages from the loss of the sale of the Property and interprets this claim to mean that Plaintiff seeks damages in the amount of the value of the Property. (*Id*.) Defendant relies upon case law holding that the amount-in-controversy for jurisdictional purposes is determined by the value of the property that is the subject of the action. (*Id*.)

Diversity jurisdiction exists where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1248–49 (C.D. Cal. 2012) (citing 28 U.S.C. § 1332(a)). The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Id*. (citing *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977)). When the amount in controversy is not clear from the face of the complaint, the defendant must show by a preponderance of the evidence that the jurisdictional threshold has been met. *Id*. (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)). "The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe." *Id*. (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008)).

Defendant has not shown by a preponderance of the evidence that the amount-in-controversy for federal diversity jurisdiction has been met. Defendant's position appears to be based upon an interpretation of Plaintiff's Complaint that is inconsistent with the definition of "actual damages".[3] Clearly, compensating Plaintiff for either the value of the Property, its contractual sale price in February 2022, or the difference between its value when he purchased it and its value today, would not "make him whole" from the injury he alleges herein. Rather, such an award would grant a windfall to Plaintiff. Neither Plaintiff nor the Court agrees that Plaintiff is seeking such a windfall.

Plaintiff acknowledges as much in his Motion to Remand, wherein he clarifies that he seeks release of the loan secured by the second Deed of Trust, not damages related to the value of the Property. Plaintiff does not claim any damages related to the sale or the value of the Property whatsoever and the Property itself is not the subject of the action. Rather, the subject of the action is the loan secured by the second Deed of Trust. Thus, Plaintiff's claimed damages are limited to the statutory amount of $1,000 provided for in A.R.S. § 33-712, his attorneys' fees and costs, and whatever amount it is ultimately determined that he paid towards the loan that was not credited to the second Deed of Trust. The damages he seeks are in the amount of the contested loan balance, not the value of the Property. As far as the Court can ascertain, there is no viable theory under which Plaintiff could recover damages in the amount of the value of the Property in this action, as such damages would not be connected in any way to the harm for which he seeks compensation. For these reasons, the Motion will be granted, and this matter remanded to state court.

. . . .

. . . .

. . . .

. . . .

. . . .

---

[3] In the event that Plaintiff's Complaint does not accurately represent the damages he seeks in this action, this disparity can be remedied by his filing an amended complaint in state court.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 8) is **granted**. The above-captioned action is **remanded** to the Pima County Superior Court for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court and close this case.

Dated this 22nd day of November, 2022.

_____
Honorable Rosemary Márquez
United States District Judge